Error assigned — That said motion ought to have been adjudged sufficient.

Judgment of the County Court affirmed. It being against the law, to execute notes on the Lord's day.

### LORD V. STRONG ET UX.

One copy left in service at the house, good service for both a man and his wife on a petition.

PETITION in chancery. Plea in abatement — That said petition had been no otherwise served on the said Strong and wife, than by leaving one copy of said petition in service at their usual place of abode, whereas two copies ought to have been left in service. Demurrer to the plea.

Judgment — Plea in abatement insufficient.

### AYERS V. TILLOTSON, AND THE SOCIETY OF CHESTERFIELD.

Unless there is a certificate that the duty is paid on the appeal of an action, the appeal will not lie.

ERROR to reverse a judgment of the County Court in an action on book, brought by said Ayers v. Tillotson et al. before a justice of the peace, demanding £4.

The defendants plead — That having prayed oyer of the plaintiff's book, it consisted of the following charges, viz. The Society of Chesterfield, Dr. to keeping school two months at forty-five shillings per month, £4 10s.; and that a part of said Chesterfield society described by certain lines and bounds, was by act of assembly, in A. D. 1769, incorporated into a school district by themselves, and had no right to vote with said Chesterfield society, respecting matters which concern schools and schooling, and were not liable to pay.

Plaintiff replied — That subsequent to the aforesaid act, in A. D. 1769, said school district had by act of assembly been incorporated with said Chesterfield society for school and for all other society purposes, without exception, and had right to vote with them, and was liable for the debts of said society equally as any other part. The defendants demurred to the reply.

· The justice judged the reply to be sufficient. The defendants appealed to the County Court; ·but there ·was no certificate that the duty had been paid on the appeal.

The County Court gave judgment — That the plaintiff's reply was insufficient, and for the defendants to recover their cost.

Errors assigned — 1st. That there was no certificate that the duty was paid on the appeal. 2d. That the reply of the plaintiff was sufficient.

Judgment — That there . is manifest error in both points assigned for error; for unless the duty is certified the appeal cannot be sustained.

### ROGERS v. EXECUTORS OF JAMES ROGERS, DECEASED.

Appeal from a judgment of the Court of Probate to the next Superior Court good. No duty is required upon an appeal from probate.

APPEAL from the judgment of the Court of Probate given on the 10th day of July, A. D. 179 ; for allowing in the executor's account a charge for a note, which was given by James Rogers, the son to said deceased, for £163 18s. 3d.; and which for reasons, the executors had delivered up to said James, and charged it in account against the estate.

Plea in abatement — That said judgment was rendered on the 10th of July, and all parties were present, and no appeal was taken until the 10th of September next after. 2d. That no duty had been paid on said appeal.

Judgment — Plea in abatement insufficient. Appeals from the Court of Probate are to be taken to the next Superior Court, where the parties are of age, and were or might have been present at said Court of Probate. On which appeals no duty is required by law to be paid.

### HOUGH v. TRACY.

A party allowed to alter his plea after the case was argued on a demurrer and delivered up to the court for judgment.

ACTION of *assumpsit.* Plea — That the defendant did not · assume and promise within three years before the date and